The next case for argument is 25-1280, AML IP v. Bath & Body Works, LLC We're going solo today. May it please the court. Lance White on behalf of Apple East. This is one of those dangerous situations in which if you happen to lose this case, it's rather awkward since you have no opponent. It is. And as your Honor stated, AML is not here today. I'm curious whether you're going to take rebuttal against your argument. You know, if I did that, that might show there's a serious problem. AML's absence is consistent with the appeal it filed. AML does not dispute that venue was improper. And it has waived any challenge to the merits of the district court's Section 101 ruling. Right. So we know what the issue is. Can I just ask you a housekeeping matter to start?  There's big lots and there's a bankruptcy stay. Yes, Your Honor. And what effect does that stay have, if any, on our disposition here? For example, could we issue a decision that applies to all Apple East here? Or do we have to hold the appeals to big lots until the bankruptcy stay is resolved? I think if the court were to affirm in full here, I think it would apply to big lots and it would resolve the big lots appeal. And that's kosher? That's okay for us to do, given the stay and bankruptcy? I believe so. Do you have any source of confidence for your belief? I don't, Your Honor. Other than thinking that that's probably an answer that's more favorable for your client? Well, I mean, you know, it just seems logically that it would apply to big lots because if the court does affirm in full, then the Section 101 ruling stands. The patent that was asserted against all of the Apple East is now invalid as ineligible under Section 101. And it seems that there would be no reason to kind of hold that stay as to big lots if the patent that has been asserted is affirmed to be invalid. The stay exists because big lots is in bankruptcy, correct? Correct, Your Honor. So our decision, how would it alter big lots' position in the bankruptcy proceeding? Well, I think... Why was there a stay instituted? Sure, so the stay was instituted just because of the nature of the bankruptcy. Because the bankruptcy was entered, a stay followed. And so I think, you know, if the stay were to apply in this court today were to affirm in full, as soon as that stay is lifted, it seems that that affirmance would apply and there would be no reason to really... Well, it would get rid of a contingent liability, right? Right. And by getting rid of a contingent liability, presumably there is some effect on creditors. Right. Which is one of the reasons that I think we typically have bankruptcy stays, just to avoid changing the status of the bankrupt estate during the pendency of the bankruptcy proceeding. So that would seem to suggest that maybe we should stay. And, you know, if that is the case, then, you know, and that is what the law requires... A stay as to that one... As to that one... Right, right. Okay. All right. Back to the merits. So AML does not dispute that Venue is improper and it is way beneath challenge to the merits of the Section 101 ruling. Instead, AML asked this court to vacate the Section 101 ruling on the theory that once Venue was found improper, the district court should have gone no further. But that argument does not justify vacater. Improper Venue did not strip the district court of subject matter jurisdiction. What if he had done it in a different order? Would that make any difference? I don't think so. He considered Venue first, which makes it cleaner for your friend on the other side. Sure. You know, I already didn't have Venue, but it wouldn't make... I don't think the arguments would be any different if he did want it in the first order, right? I agree, Your Honor. Because the motions were briefed together and argued together, I think really what we're kind of dealing with here is the sequencing that the district court used. And AML has not identified any authority showing that that sequencing by the district court was reversible error or caused any concrete prejudice. Okay. Your view essentially is that the district court has discretion on how to deal with these Rule 12 grounds for dismissal. Exactly. Is there anything the movement can say in its motion papers that limit the district court's discretion? For example, could it say something like, please dismiss on Ground 1 and reach Ground 2 only if you disagree that Ground 1 warrants dismissal? And would the district court be compelled to honor that request if that's the way the motions were presented? Do you mind repeating just that sequence of what the movement would say in that scenario? He'd say, please decide Rule 1, just please dismiss on Ground 1. And please don't reach Ground 2 unless you decide not to dismiss on Ground 1. In other words here, if he had said, please decide against venue, but only if you decide one way or another. Can he limit it? Like if you grant the venue motion, don't reach the 12b6 motion. I still think that the court has discretion. Because if we look at 1406, the court has to decide whether to dismiss or, in the interest of justice, to transfer. And what courts have done, when there are simultaneous motions to dismiss, once it finds venues improper, sometimes it will take a look at the other reasons. But the movement of the motions makes the second conditional on rejecting the first. Is the court bound by that? That is an interesting question, because it doesn't seem, at least in this scenario, it doesn't seem like it would benefit the movement to ask the court to simply address venue and not move to the second ground if it does find venue improper. Because, of course, if it simply finds venue improper, then it could transfer or it could dismiss, and it would be a dismissal without prejudice, such that the plaintiff could refile in a separate district. Whereas here, moving on to the second round of dismissal, it actually, if granted, results in a dismissal with prejudice. Do you think this case would be different if this were a 1404A motion to transfer as opposed to a 1406 motion to dismiss under 12b-3? I don't think it would be different in the outcome. It would be maybe... Let me lay the scenario out for you and see if you still agree. So the motion comes in. The movement says, number one, you have venue here, but it's much more convenient for the parties and everybody else to have venue in a different district. But since we're here, why don't you dismiss on 12b-6? Do you think it would be appropriate for the judge to say, well, yeah, I'm going to transfer it, but before it leaves the clerk's office, I'm going to dismiss on the merits under 12b-6? Would that be appropriate? I think if it occurred in exactly that scenario, I think it seems just very odd in that scenario because it seems just thinking through, if I were the district court, I would take a look at the 12b reason for dismissal before even looking at transfer. That being said... Yeah, but we have cases, and there are other cases in which courts have said just the opposite, said you really ought to look, if it's a 1404A, you really ought to look at transfer first. Don't get in the merits. So I think you'd be, particularly in the Fifth Circuit, I think you would be on the wrong side of where the court is on that. Well, I do think that it would be appropriate to look at the Rule 12 after finding that this should be transferred for convenience. And then once looking at the Rule 12, if, like this case, which the court said the claims are strikingly similar to the claims found ineligible in Alice, I think the court could then say, well, sure, in a perfect world, transfer is warranted here on convenience, but because of this 12b-6 issue, I'm not going to burden the transferee court with, as Judge Posner has said, a sure loser like we have here where claims are strikingly similar to the claims in Alice. And that decision would be subject to an abuse of discretion review? Yes, Your Honor. What are the limiting principles here with regard to what kind of issues the district court can take up in her discretion in connection with the bending motion? For example, what if there were an early summary judgment motion based on indefiniteness, which you can sort of see on the face of the claim, that there's this award that the Federal Circuit has six times, or there's this group of awards that the Federal Circuit has six opinions saying are too nebulous. All you have to do is flip to the back and see there's no lexicography. Is that also in the bucket of what the district court has discretion to do in this context? I don't think the case law is clear on kind of what are the limiting principles here. What we see in the case law typically is simultaneous motions to dismiss. I think, you know, if you had an early summary judgment motion hanging out there as well, I think that could be potentially stepping into an abuse of discretion for the court to find venue improper and then say, well, now I'm going to go look at this separate motion that was filed separately from the venue motion. I think that might be where, you know, some limiting principles might be kind of coming into play. Go ahead. I was going to ask the same question. But another limiting principle is also sort of you get an instinct about what the court is being asked to do. Now, maybe eligibility was pretty straightforward here because we've done this before so many cases. But there are other eligibility cases that it can be quite complicated, either at step one or at step two. Right. So is this just we make a visceral determination? Yeah, this is the kind of thing one could just do one pretty straightforwardly on the papers. That's why I'm worrying about limiting principles here. Sure. I think it comes back to it's within the discretion of the district court. And what we know here on this record is that the court found that these claims were so similar to those in Alice that it was not worth, in judicial economy purposes, burdening another court with these claims. I think, you know, when you have a scenario where maybe it is a tougher decision on the Section 101 or any other reason for dismissal, I think that might be where within the court's discretion, the court might say, OK, I'm going to leave this more difficult issue for the transferee court and simply transfer or dismiss without prejudice on the venue issue. No, you've covered my question. Thank you. If there are no further questions, I will rebut myself. No, I'm just kidding. We request that the judgment be affirmed in full. Thank you for your time.